```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

DESIRE COMMUNITY HOUSING                CIVIL ACTION
CORP.

VERSUS                                  NO: 03-2157

UNITED STATES OF AMERICA                SECTION: "A" (1)

## ORDER AND REASONS

Before the Court is a **Revised Motion to Dismiss or for Summary Judgment (Rec. Doc. 21)** filed by the United States of America. Plaintiff, Desire Community Housing Corp. opposes the motion. The motion, set for hearing on December 13, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

## I.   BACKGROUND

A complete factual background for this case is provided in the Court's rulings entered on March 4, 2004 (Rec. Doc. 5) and May 12, 2004, (Rec. Doc. 9). Therefore, the Court recounts only those facts particularly relevant to the pending motion that bear repeating.

Plaintiff, Desire Community Housing Corp., filed the instant action following a Notice of Determination issued by the IRS regarding penalties pertaining to Form 990 (periods 12/31/1999 and 12/31/2000) and Form 941 (period ending 12/31/2001). The IRS issued the Notice of Determination on July 1, 2003, following a Collection Due Process hearing ("CDP hearing") held pursuant to 26 U.S.C. § 6320. (Comp. Exh. E). The hearing was held at Plaintiff's request following the issuance of two Notices of Federal Tax Lien. (Comp. Exhs. A & B). Plaintiff filed the instant suit pursuant to 26 U.S.C. § 6330(d), which provides for limited judicial review of the findings made in the Notice of Determination.

The United States moves to dismiss the case or alternatively for summary judgment arguing that Plaintiff's arguments lack merit.[1]

## II. DISCUSSION

Once an IRS Appeals Officer ("AO") has issued a determination regarding a disputed collection action, § 6330(d) allows the taxpayer to seek judicial review in the Tax Court or

---

[1] The Court has previously rejected Plaintiff's claim regarding the IRS's refusal to consider Plaintiff's offer in compromise. (Rec. Doc. 5, at 6). Further, Plaintiff has withdrawn its request for injunctive relief from collection activity during the pendency of this proceeding. (Rec. Doc. 22, Oppo. at 5). Thus, those points are not addressed in this ruling.

2

in federal district court depending on the type of tax involved. Cox v. Commissioner, 126 T.C. 237, 245 (2006). This Court has previously determined, and the parties agree, that jurisdiction is appropriate in this Court. (Rec. Doc. 9, entered 5/12/04).

The law is well-settled that where the validity of the underlying tax liability is properly at issue in the CDP hearing, the Court will review the issue on a de novo basis. Id. at 246; Jones v. Commissioner, 338 F.3d 463, 466 (5th Cir. 2003). However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Id. At the CDP hearing, the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy," including spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Abu-Awad v. United States, 294 F. Supp. 2d 879, 885-86 (S.D. Tex. 2003) (citing 26 U.S.C. § 6330(c)(2)). However, on the issue of underlying liability, § 6330 specifically provides that the taxpayer can raise [at the hearing] challenges to liability if he did not otherwise have an opportunity to dispute the tax liability.[2]  Id.

---

[2] The statute also allows liability to be challenged where the taxpayer did not receive a notice of deficiency of the tax

Following the CDP hearing the AO concluded that Plaintiff was precluded from challenging the liability for the 1999 F-990 penalty because Plaintiff had been given a prior opportunity to do so. (Comp. Exh. E). The record supports this conclusion because Plaintiff specifically disputed the liability for this penalty while pursuing an administrative appeal before IRS Appeals Officer Arimi. (Comp. Exh. G). Further, although Arimi's determination letter does not specifically refer to the 2000 F-990 penalty, Plaintiff raised the issue of this penalty in its May 23, 2002, appeals request and cited the same reason for its failure to file Forms 990 for both 1990 and 2000 in a timely manner. (Def. Exh. A). Thus, Plaintiff did have a prior opportunity to dispute the two 990 penalties at issue in this case. Accordingly, the underlying liability of the two 990 penalties was not properly at issue at the CDP hearing. The Court finds that the AO did not abuse her discretion in refusing to consider Plaintiff's challenges to liability on the 990 penalties.

Plaintiff argues in opposition that it was not afforded meaningful participation in the administrative appeal with Arimi because the IRS sent certain correspondence directly to Plaintiff

---

liability. 26 U.S.C. § 6330(c)(2). The parties agree that this provision is not applicable to the instant case.

without copying Plaintiff's designated representative.  The Court finds this contention to be without merit.  Plaintiff designated a representative on or about October 10, 2002.  The Arimi letter, which was sent to Plaintiff but not to its representative, is dated February 28, 2003.  Plaintiff points to no documentation or other correspondence that was sent in the interim by the IRS to Plaintiff.  In other words, the record does not suggest that Plaintiff was prejudiced in its appeal due to the IRS's failure to mail documentation to its representative.  This argument is simply without merit.  Accordingly, the United States' motion is GRANTED as to these two penalties.

Plaintiff's ability to challenge the 941 penalty for the period ending 12/31/01, is less clear.  The AO declined to consider the underlying liability with respect to this penalty because Plaintiff "was provided sufficient time and opportunities . . . to raise any other liability issues it wished to raise regarding [this penalty]."  (Comp. Exh. E).  The record is clear that Arimi did not consider this issue because it was not part of Plaintiff's administrative appeal request.  Nevertheless, the IRS takes the position that Plaintiff *could have* requested a CDP hearing after the initial notice of levy was issued on June 17, 2002, although Plaintiff declined to do so.  According to the IRS, Plaintiff therefore had the opportunity to dispute liability

5

but simply chose not to avail itself of that opportunity.

Regardless of whether the IRS's position is correct, the Court has conducted a *de novo* review of the record before it and concludes that no error occurred with respect to the 941 tax and penalty for the period ending 12/31/01.  In sum, the Notices of Federal Tax Liens were properly filed for the tax periods at issue in this case.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Revised Motion to Dismiss or for Summary Judgment (Rec. Doc. 21)** filed by the United States of America should be and is hereby **GRANTED**.  Plaintiff's complaint is **DISMISSED** with prejudice.

February 26, 2007

*[signature]*
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE